# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  | § | |
|---|---|---|
| QUENTIN LAWSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-146-JDK-JDL |
| | § | |
| CARCO GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Quentin Lawson filed the instant action on April 29, 2025, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") against Defendant Carco Group, Inc. Docket No. 1. On June 30, 2025, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 7. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case. On July 22, 2025, Judge Love issued a Report and Recommendation recommending that Defendant's motion to dismiss be denied. Docket No. 10. Defendant filed an objection to the Report and Recommendation (Docket No. 11), to which Plaintiff filed a response (Docket No. 13).

## I.

Where a party timely objects to the Report, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In

conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). As to unobjected-to portions of the Magistrate Judge's Report, the Court reviews such portions for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (finding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

## II.

Defendant objects to the Report for two reasons. First, Defendant asserts the Report errs in concluding that the complaint alleged an inaccuracy based upon an omission of a purported dismissal of the felony conviction. Docket No. 11. Second, Defendant argues that the Report errs in concluding the complaint plausibly alleged an inaccuracy based upon the omission of Plaintiff's lesser misdemeanor punishment. *Id*. Plaintiff responds that Judge Love accurately construed the allegations in the complaint and correctly applied the caselaw regarding "inaccurate information" under § 1681e(b). Docket No. 13. Specifically, Plaintiff argues that regardless of technical characterization, the consumer report at issue contained misleading information. *Id*.

## A.

Title 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  This provision does not hold a consumer reporting agency strictly liable for all inaccuracies—but instead requires that the agency be judged according to "what a reasonably prudent person would do under the circumstances." *Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).  In the credit context, the Fifth Circuit has held that "[a] credit report does not become inaccurate whenever there is an omission, but only when an omission renders the report *misleading* in such a way and to such an extent that it can be expected to adversely affect credit decisions."  *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020) (citing *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (emphasis added)).

Here, the consumer report prepared by Defendant omits both the fact that Plaintiff reached a plea agreement to the lesser Class A misdemeanor punishment, which is permissible under Texas Penal Code § 12.44, and that the case was dismissed pursuant to judicial clemency upon completion of probation on April 9, 2019.  Judge Love did not err in considering these omissions to be misleading under the law because it was foreseeable that reporting Plaintiff was a convicted felon to a prospective employer would adversely impact Plaintiff's ability to be hired.  The

complaint alleges, moreover, that the report ultimately caused the revocation of Plaintiff's contingent employment offer.

Judge Love determined that the alleged reporting of Plaintiff's felony conviction was "misleading when taken as true."  Docket No. 10 (citing *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 416 (4th Cir. 2001), where the Fourth Circuit considered similar circumstances and came to the same conclusion)).  Defendant argues, however, that Judge Love's reliance on *Dalton* is misplaced.  Specifically, Defendant contends that the issue in *Dalton* is that the report stated that plaintiff had been convicted of a felony when it was in fact a misdemeanor under state law; whereas here, "the state court judgment found Plaintiff guilty . . . [of] [a] state jail *felony*."  Docket No. 10 (emphasis added).  But under Texas law, Plaintiff may plead guilty to a Class A misdemeanor.  *See* Tex. Penal Code § 12.44(b) ("At the request of the prosecuting attorney, the court may authorize the prosecuting attorney to prosecute a state jail felony as a Class A misdemeanor.").  As such, Plaintiff is not considered a felon under Texas law.

Defendant argues that the complaint contains "no plausible allegations of inaccuracy by omission . . . ."  Docket No. 11.  But indisputably the complaint asserts that "the consumer report [] is patently inaccurate, misleading, and highly damaging to him, namely, stating that he is a convicted felon."  Docket No. 1 ¶ 100.  In considering a motion to dismiss, the Court must accept as true the nonmovant's well-pleaded factual allegations and any reasonable inferences to be drawn from them.  *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  A reasonable

inference drawn from the factual allegations permits the determination that the report is misleading.

As such, Defendant's first objection is overruled.

## B.

Defendant's second objection focuses on the fact that Judge Love considered the omission of Plaintiff's misdemeanor punishment and therefore impermissibly looked beyond the face of the pleadings. But while a court generally may not "go outside the complaint" in considering a Rule 12(b)(6) motion, it may permissibly consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Here, the motion to dismiss attached the consumer report as well as the original judgment, which specifically stated that Plaintiff pleaded guilty to "the offense of ENGAGE IN ORGANIZED CRIMINAL ACTIVITY, STATE JAIL FELONY *to be punished as misdemeanor 12.44 PC (B)*." Docket No. 7 at 2–4 (emphasis added). Thus, the fact that the felony was punished as a misdemeanor was facially apparent from the public record. Similarly, the motion to dismiss also contained the order dismissing the case pursuant to judicial clemency upon completion of probation. Docket No. 7. Therefore, these facts were central to the claim of the misleading nature of the consumer report's categorization of Plaintiff as a convicted felon.

Defendant's second objection is overruled.

### III.

Having conducted a de novo review of the record in this case and Judge Love's Report, the Court has determined that the Report is correct, and Defendant's objections are without merit. Accordingly, the Court **OVERRULES** Defendant's objections (Docket No. 11) and **ADOPTS** the Report of Judge Love (Docket No. 10) as the opinion of the Court. Defendant's motion to dismiss (Docket No. 7) is **DENIED**.

So **ORDERED** and **SIGNED** this **29th** day of **August, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE